IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CATHEY S. MAYS VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-273-TCK-PJC |
| | ) | |
| MELISSA CURREY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Before the Court are Plaintiff's pro se Motion for Injunctive Relief (Doc. 3) and Motion for Emergency Injunction of Arraignment (Doc. 5) (collectively, "the Motions").[1] The Motions are construed as seeking a temporary restraining order and a preliminary injunction. Plaintiff has not provided Defendants with notice of either of the Motions.

**I.    Background**

In her Complaint, Plaintiff alleges claims arising out of the probate of her mother's estate in Osage County, Oklahoma (the "Probate Proceeding"). Plaintiff has named as Defendants: (1) officers/employees of the Bureau of Indian Affairs; (2) the U.S. Secretary of the Interior; (3) the Osage Nation; (4) the Principal Chief of the Osage Nation; (5) the Osage Nation Tax Commissioners; (6) a member of the Osage Nation Congress; (7) employees of the Osage Agency; (8) Osage County Associate District Judge David Gambill; and (9) other heirs/family members. Plaintiff generally alleges that these Defendants have conspired to commit fraud, deprive Plaintiff of her position as executor of the estate, and deprive her of property.

---

[1] Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court denied (Doc. 4). Plaintiff subsequently paid the filing fees in full (Doc. 6).

Both of the pending Motions for "emergency" injunctive relief request that the Court enjoin Judge Gambill from arraigning her on a contempt charge in the Probate Proceeding. In support of the Motions, Plaintiff offers the following factual averments:

> Today on this 20th day of May I have an arraignment for contempt in the District Court of Osage County, in Pawhuska, Oklahoma. The presiding judge is B. David Gambill. The contempt charge was one that I believe was unavoidable. The contempt charge was one stemming from a previous hearing of removing me as personal representative.
>
> I asked for a continuance because I had not had time to retain counsel. I had money to retain counsel but have been stopped every time after counsel talked to the judge and after being so eager to take the case all of a sudden they would be too busy and could not represent me. I was denied a continuance and so the judge had a hearing that removed me with an opposing counsel that has a big conflict of interest in that he is a member of Osage Nation Congress and the Tribe is trying to acquire the land of the estate and get out of paying the money back to the estate because of unlawfully taxing a business owned by two of the heirs.
>
> . . .
>
> The judge and the court do not have subject matter jurisdiction to have removed me. The court is trying to get me out of the way in order for the replacement representative to transfer titles and split the lands up in which they are restricted properties and are not to be alienated because they are instrumentalities of the federal government.
>
> The judge ordered me to do an accounting. This was an impossible task because none of the money had been in my possession. The ex-superintendent was to release these monies of the estate but he lied to me and told me that they couldn't.
>
> . . .
>
> I cannot be put in jail because then I will not be able to contact this court or any of the proceedings of it in order to get my rights or keep the estate properties or monies from being lost because they intend to settle the estate and probate it without me. If I am in jail which is what they are planning on I cannot stop them.

(Doc. 5, at 1-2).[2]  The arraignment scheduled for May 20, 2013 was ultimately continued to June 3, 2013.

## II.     The Motions

To obtain a temporary restraining order, the movant must show "that immediate and irreparable injury, loss, or damage will result" unless the temporary restraining order is issued.  *See* Fed. R. Civ. P. 65(b).  To obtain preliminary injunction, the movant has the burden of establishing that: (1) she will suffer irreparable injury unless the motion is granted; (2) the threatened injury to her outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that she will eventually prevail on the merits.  *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1171 (10th Cir. 1998).

In this case, however, there is no need to analyze Plaintiff's allegations under the facts, because Plaintiff cannot possible obtain the injunctive relief she seeks.  The Anti-Injunction Act, 28 U.S.C. § 2283 (the "Act"), prohibits federal courts from interfering with proceedings in state courts except in limited circumstances.  The Act provides as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.  "[T]he Act's core message is one of respect for state courts.  The Act broadly commands that those tribunals 'shall remain free from interference by federal courts.'"  *Smith v.*

---

[2] Additionally, Rule 65(b)(1) requires the movant to allege the facts supporting the temporary restraining order in an affidavit or a verified complaint.  Here, Plaintiff neither verified her complaint nor submitted an affidavit in support of the Motions.  Therefore, Plaintiff's Motions are procedurally infirm.  However, because Plaintiff appears pro se, the Court has considered the facts even without an affidavit or verified complaint.

*Bayer Corp.*, 131 S.Ct. 2368, 2375 (2011) (citing *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 282 (1970)).  Unless one of the enumerated exceptions applies, a federal court should decline to enter an injunction against state court proceedings and, instead, should permit the state court to proceed.  *Id.*

In the Motions, Plaintiff is essentially requesting that this Court interfere with the Probate Proceeding by enjoining Judge Gambill from arraigning Plaintiff on the contempt charge.  The Act does not permit the Court to interfere with the Probate Proceeding unless one of the exceptions applies.  The Court does not find that any of the enumerated exceptions apply in the present case, and the Court cannot, under any circumstances, enjoin Judge Gambill from arraigning Plaintiff on a contempt charge that he entered.  Because the Court cannot possibly award Plaintiff the relief requested in the Motions, it is not necessary for the Court to analyze the substance of the Motions to determine whether Plaintiff has satisfied her burden.

**IV.   Conclusion**

For the reasons outlined herein, Plaintiff's Motion for Injunctive Relief (Doc. 3) and Motion for Emergency Injunction of Arraignment (Doc. 5), which are construed as seeking a temporary restraining order and preliminary injunction, are both DENIED.

**ORDERED this 28th day of May, 2013.**

**TERENCE KERN**
**United States District Judge**