**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CATHEY S. MAYS VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-273-TCK-PJC |
| | ) |
| MELISSA CURREY, et al. | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Appointment of Counsel (Doc. 9). In her motion, Plaintiff alleges that she has "made a concerted effort to attain legal counsel" and has contacted more attorneys than "plaintiff can remember" regarding representation in this matter. (Mot. ¶¶ 3, 4.) Plaintiff indicates that she "has full intention of paying for this appointed attorney, if the court decides in defendant's favor." (*Id.* ¶ 6.)

Plaintiff has failed to provide the Court with any authority by which the Court can appoint counsel for a non-indigent litigant[1] in a civil matter. This is a civil lawsuit, and "civil litigants enjoy no constitutional right to an attorney." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 1991). Under the allegations of this case, there is not a statutory right to counsel either. A review of the pleadings indicates that Plaintiff has been able to draft pleadings outlining her theories in the case, and the Court sees no reason why Plaintiff cannot continue to do so or retain her own counsel.

---

[1] On May 8, 2013, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (Doc. 2), which was denied by the Court on May 16, 2013 (Doc. 4), based on the assets available to Plaintiff and her indication that she was able to hire counsel (which she affirms in her Motion for Appointment of Counsel).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 9) is DENIED.

**SO ORDERED** this 20th day of December, 2013.

*/s/ Terence C. Kern*
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**