# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CATHEY S. MAYS VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-273-TCK-PJC |
| | ) | |
| MELISSA CURREY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Writ of Mandamus (Doc. 8).[1]

**I.   Background**

In her Complaint, Plaintiff alleges claims arising out of the probate of the estate of Norma J. Mays, Plaintiff's mother, in Osage County, Oklahoma (the "Probate Proceeding"). Plaintiff has named as Defendants: (1) officers/employees of the Bureau of Indian Affairs; (2) the U.S. Secretary of the Interior; (3) the Osage Nation; (4) the Principal Chief of the Osage Nation; (5) the Osage Nation Tax Commissioners; (6) a member of the Osage Nation Congress; (7) employees of the Osage Agency; (8) Osage County Associate District Judge David Gambill; and (9) other heirs/family members. Plaintiff generally alleges that these Defendants have conspired to commit fraud, deprive Plaintiff of her position as executor of the estate, and deprive her of property.

Plaintiff seeks a writ of mandamus from this Court ordering: (1) Judge Gambill to reverse his order revoking letters testamentary, to reinstate Plaintiff as personal representative, and to "follow some sort of Legal procedure that this Plaintiff has been apprised of and can appeal or have

---

[1] Plaintiff titled the motion as "Motion for Writ of Mandamus, Motion for Discovery, Motion for Special and Urgent Consideration, Motion for Subpoenas;" however, the Court has construed the motion as seeking only a writ of mandamus based on the relief Plaintiff seeks in the motion. (Mot. 19-20.)

legal counsel" in the Probate Proceeding; and (2) the Bureau of Indian Affairs "to grant those rights that has [sic] been afforded every other Osage executrix, in the possession of all properties, and the control of and that of all the funds of the estate of the Decedent." (Mot. 19-20.)

## II.    Motion for Writ of Mandamus

A writ of mandamus is a "drastic" remedy that should be "invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). The writ is intended to provide relief only where the party seeking relief has "exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Even where a party seeking mandamus meets the prerequisites, the court still has discretion in deciding whether to issue the writ. *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995). Because Plaintiff is proceeding pro se, the Court construes her pleadings liberally. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

Plaintiff seeks mandamus relief ordering Judge Gambill to take certain action in his capacity as an Oklahoma state court judge. However, federal courts "have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties." *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) ("Federal courts have no authority to issue a writ of mandamus to a state judge."). Therefore, the relief Plaintiff seeks against Judge Gambill is not available to her in federal court.

Plaintiff also seeks mandamus relief against the BIA. In her motion, Plaintiff discusses the Probate Proceeding and the Osage Agency's involvement in the Probate Proceeding but mentions the BIA only as follows:

2

> Plaintiff has the right to relief of persecution from the state courts, or that of the BIA rule if Plaintiff is the only one that has to abide by laws and rules that Plaintiff has not been apprised of what law or rules that are in operation other than those that you could say "made up as they go along laws."

(Mot. 18.) Although Plaintiff alleges that she "does not have any other remedy, and has had all civil rights abused by the State district court and by the attorney for the opposing parties" in the Probate Proceeding (Mot. 18), Plaintiff has made no allegation that the BIA owes her a clear, non-discretionary duty or that she has exhausted all avenues of relief with regard to the BIA. The Court, therefore, finds that Plaintiff has not shown that she is entitled to mandamus relief against the BIA.

## III. Conclusion

For the reasons outlined herein, Plaintiff's Motion for Writ of Mandamus (Doc. 8) is DENIED.

**SO ORDERED** this 23rd day of May, 2014.

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**