# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CATHEY S. MAYS VAUGHN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-273-TCK-PJC |
| | ) | |
| MELISSA CURREY, et al. | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

The following motions are before the Court: (1) Motion to Dismiss by Defendants Geoffrey M. Standing Bear, Jesse R. Davis, Paul Jean Mays, Jr., Earnest Leroy Mays, and Roscoe Bryan Mays (Doc. 13); (2) Motion to Dismiss by Defendants Osage Nation, Osage Nation Congress, Chief John Red Eagle, Raymond Redcorn, Shannon Edwards, Archie Mason, Kugee Supernaw, Osage Nation Tax Commission, Mary Mashunkashey, Beverly Brumsfield, Milton Labadie, and Randy Walker (Doc. 17); (3) Motion to Dismiss for Lack of Subject-Matter Jurisdiction by Defendant Jot Hartley (Doc. 20); (4) Motion to Dismiss for Lack of Subject-Matter Jurisdiction by Defendant Judge David Gambill (Doc. 22); (5) Motion to Dismiss by Defendant John G. Ghostbear (Doc. 24); and (6) Motion to Dismiss by Defendant P. Scott Buhlinger, as Successor Personal Representative of the Estate of Norma Jean Mays (Doc. 30). The defendants[1] move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), and 12(b)(6) for lack of subject-matter jurisdiction, insufficient process, and failure to state a claim upon which relief can be granted.[2]

---

[1] For purposes of this Opinion and Order, the movants are referred to as "defendants" even though many of the movants were not named as defendants in Plaintiff's Complaint. Plaintiff served the movants with summons as if they were defendants, resulting in the filing of the motions to dismiss.

[2] As explained below, the Court lacks subject-matter jurisdiction. Therefore, the Court does not reach defendants' other two arguments.

## I. Background

In her *pro se* Complaint, Plaintiff alleges claims arising out of the probate of the estate of Norma J. Mays, Plaintiff's mother, in the District Court of Osage County, Oklahoma (the "Probate Proceeding"). Plaintiff has named as defendants: (1) officers/employees of the Bureau of Indian Affairs; (2) the U.S. Secretary of the Interior; (3) the Osage Nation; (4) the Principal Chief of the Osage Nation; (5) the Osage Nation Tax Commissioners; (6) a member of the Osage Nation Congress; (7) employees of the Osage Agency; (8) Osage County Associate District Judge David Gambill; and (9) other heirs/family members. Plaintiff generally alleges that these defendants have conspired to commit fraud, deprive Plaintiff of her position as executor of the estate, and deprive her of property.

## II. Rule 12(b)(1) Standard

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Winnebago Tribe of Neb. v. Kline*, 297 F. Supp. 2d 1291, 1299 (D. Kan. 2004). When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. *Id.*

## III. Discussion

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under federal law within the meaning of § 1331 when the plaintiff's complaint establishes that (1) federal law creates the cause of action or (2) "'the plaintiff's right to relief necessarily depends on resolution

of a substantial question of federal law.'" *Firstenberg v. City of Sante Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006)).

In her Complaint, Plaintiff asserts that this Court has federal question jurisdiction over her claims pursuant to the Osage Indian Act of 1978, Pub. L. 95-496, 92 Stat. 1660 ("Act"). Section 5 (a) of the Act specifies the probate process for wills of Osage Indians. Once approved by the Secretary of the Interior, the will of an Osage Indian is admitted to probate in the "District Court of the State of Oklahoma having jurisdiction." 92 Stat. at 1661. The Probate Proceeding challenged by Plaintiff remains pending in the District Court of Osage County. Therefore, Plaintiff's cause of action does not arise under federal law within the meaning of § 1331. *See Fun Servs. of Kan. City, Inc. v. Hertz Equip. Rental Corp.*, No. 07-2244-CM, 2008 WL 341475, at *4 (D. Kan. Feb. 6, 2008) (noting that statutory language in a federal statute which provided state courts jurisdiction over private rights of action "constituted a specific expression of congressional intent that trumped the more general grant of federal jurisdiction in § 1331"). Plaintiff's Complaint is dismissed.

### III. Conclusion

Plaintiff's Complaint (Doc. 1) is dismissed with prejudice pursuant to Rule 12(b)(1). Accordingly, it is hereby ORDERED that the following motions are GRANTED:

(1) Motion to Dismiss by Defendants Geoffrey M. Standing Bear, Jesse R. Davis, Paul Jean Mays, Jr., Earnest Leroy Mays, and Roscoe Bryan Mays (Doc. 13);

(2) Motion to Dismiss by Defendants Osage Nation, Osage Nation Congress, Chief John Red Eagle, Raymond Redcorn, Shannon Edwards, Archie Mason, Kugee Supernaw, Osage Nation Tax Commission, Mary Mashunkashey, Beverly Brumsfield, Milton Labadie, and Randy Walker (Doc. 17);

(3) Motion to Dismiss for Lack of Subject-Matter Jurisdiction by Defendant Jot Hartley (Doc. 20);

(4) Motion to Dismiss for Lack of Subject-Matter Jurisdiction by Defendant Judge David Gambill (Doc. 22);

(5) Motion to Dismiss by Defendant John G. Ghostbear (Doc. 24); and

(6) Motion to Dismiss by Defendant P. Scott Buhlinger, as Successor Personal Representative of the Estate of Norma Jean Mays (Doc. 30).

**IT IS FURTHER ORDERED THAT** the following motions are DENIED as moot:

(1) Plaintiff's Motion for Amendment of Complaint (Doc. 33);[3]

(2) Plaintiff's Motion for Partial Summary Judgment of Defendant Judge B. David Gambill (Doc. 42);

(3) Plaintiff's Motion for Reconsideration of Order of Magistrate Judge (Doc. 43);

(4) Plaintiff's Motion for Partial Summary Judgment (Doc. 46); and

(5) Plaintiff's Motion to Strike (Doc. 51).

**SO ORDERED** this 23rd day of May, 2014.

**TERENCE KERN**
**United States District Judge**

---

[3] In her motion to amend, Plaintiff does not seek leave to add additional bases for jurisdiction or allegations supporting her assertion of jurisdiction. Instead, Plaintiff seeks to add a claim against Defendant Brad Hilton. (Doc. 33.)